IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| FRANKENMUTH MUTUAL INSURANCE COMPANY, | |
| Plaintiff, | Civil Action File No.: |
| v. | |
| MCCALLUM METAL WORKS, INC., and PEDRO CANIZALEZ, | |
| Defendants. | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Frankenmuth Mutual Insurance Company and pursuant to 28 U.S.C. § 1332, brings this Complaint for Declaratory Judgment, showing the Court as follows:

## PARTIES AND JURISDICTION

1.

Frankenmuth Mutual Insurance Company ("Frankenmuth") is an insurance company incorporated in Michigan with its principal place of business in Frankenmuth, Michigan. Frankenmuth is a citizen of the State of Michigan.

2.

McCallum Metal Works, Inc. ("McCallum Metal Works") is a business incorporated in Georgia with its principal place of business in Bibb County, Georgia. McCallum Metal Works may be served through its registered agent Melody D. McCallum at 8893 Lower Thomaston Road, Lizella, Georgia 31052. McCallum Metal Works is a citizen of the State of Georgia.

3.

Pedro Canizalez resides in Fulton County and is a citizen of the State of Georgia. Mr. Canizalez may be served with process at 540 King Arnold Street, Apartment 28, Hapeville, Georgia 30354.

4.

On October 28, 2020, Pedro Canizalez filed a lawsuit in the State Court of Bibb County, Georgia against McCallum Metal Works for the injuries he allegedly sustained on a construction site (the "Underlying Complaint"). In the Underlying Complaint, Mr. Canizalez alleges past medical expenses in excess of $197,000 as well as future medical expenses in excess of $200,000, past, present and future pain and suffering, loss of the capacity for the enjoyment of life, incidental expenses, permanent injuries and consequential damages. A true and correct copy of the Underlying Complaint in is attached as **Exhibit A**.

5.

This Court has jurisdiction under 28 U.S.C. § 1332, there being diversity of citizenship between Plaintiff and all Defendants, and the matter in controversy, exclusive of interest and costs, exceeding the sum of $75,000.

6.

Venue is proper as to Defendants pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2).

7.

There is a real, substantial and justiciable controversy between the parties concerning their respective rights and obligations under an insurance policy issued by Frankenmuth to McCallum Metal Works.

## FACTS

### *Underlying Complaint*

8.

The Underlying Complaint alleges that Mr. Canizalez was "an invitee on … McCallum's work site." It further alleges that McCallum Metal Works was "responsible for handling the roll of roofing material at the subject jobsite" and that McCallum Metal Works "was negligent in the handling of the roll of roofing material."

9.

The Underlying Complaint alleges negligence against McCallum Metal Works for:

Ordinary negligence in its handling of the roll of roofing material.

Failure to use ordinary care to keep the premises safe.

Violation of state and local codes and/or regulations by failing to provide a safe premises and work site.

Failing to utilize safety protocol and procedures for the handling of materials and equipment on the premises.

Knowingly allowing "guests" to utilize an unsafe area of the premises.

Failing to property train and supervise its employees and agents regarding the care and handling of equipment and materials.

Negligently retaining, entrusting, hiring, and supervising its employees.

10.

Frankenmuth is currently defending McCallum Metal Works against the Underlying Complaint under a reservation of rights.

11.

Pedro Canizalez has also made a claim against the insurance policy Frankenmuth issued to McCallum Metal Works.

***The Frankenmuth Policy***

12.

Frankenmuth issued Commercial Policy no. CPP6163334 to McCallum Metal

Works for the policy term of 7/25/2018 to 7/25/2019 (the "Policy"). A true and correct copy of the Policy, with premium information redacted, is attached as **Exhibit B**.

13.

Georgia law must be applied in the interpretation of the Frankenmuth insurance contract issued to a Georgia insured at the insured's address in Georgia. Federal Ins. Co. v. National Distributing Co., Inc., 203 Ga.App. 763 (1992); Brown v. Nichols, 8 F.3d 770 (11th Cir. 1993).

14.

On December 3, 2018, Frankenmuth issued a Notice of Cancellation Due to Non-Payment regarding the Policy, to take effect on December 18, 2018. This was sent to McCallum Metal Works on December 4, 2018, more than ten (10) days before the cancellation date. A true and correct copy of the Notice of Cancellation Due to Non-Payment, with premium information redacted, and Certificate of Mailing is attached as **Exhibit C**. Further, on December 19, 2018, Frankenmuth issued a Cancellation Memo which was sent to McCallum Metal Works and confirmed the cancellation which had an Effective Date of December 18, 2018 at 12:01 A.M. A true and correct copy of the Cancellation Memo, with premium amounts redacted, is attached as **Exhibit D**.

15.

McCallum Metal Works's insurance agent requested that Frankenmuth reinstate the Policy with no lapse in coverage upon payment of the overdue premiums. Frankenmuth agreed to reinstate the Policy on the payment of the overdue premiums <u>and</u> with the condition that McCallum Metal Works provide a signed "no loss letter." A "no loss letter" represents to Frankenmuth that no losses occurred while the McCallum Metal Works policy was cancelled.

16.

On December 27, 2018 Frankenmuth received a letter on the letterhead of McCallum Metal Works which states, "… McCallum Metal Works, Inc. is not aware of any claims between 12/17/18-12/27/18" (the "No Loss Letter"). The No Loss Letter was signed by Melody McCallum, the CEO of McCallum Metal Works according to filings with the Georgia Secretary of State's Office. A true and correct copy of the No Loss Letter is attached as **Exhibit E**.

17.

Having received the No Loss Letter and relying on the representations in the No Loss Letter, Frankenmuth reinstated the Policy on December 27, 2018 retroactively, with no lapse in coverage. A true and correct copy of the Reinstatement Notice, with premium information redacted, is attached as **Exhibit F**.

18.

If Frankenmuth had not reinstated the Policy retroactively, coverage would have remained canceled as of December 18, 2018 at 12:01 A.M., prior to the alleged incident involving Mr. Canizalez which is the subject of the Underlying Complaint.

**COUNT I:**
**THERE IS NO COVERAGE UNDER THE POLICY DUE TO THE INSURED'S MATERIAL MISREPRESENTATION OF FACT**

19.

Frankenmuth incorporates by referenced Paragraphs 1 through 18 as if the same were set forth at length herein.

20.

The Policy contains the following Common Policy Conditions:

A.   CANCELLATION

   …

   2.   We may cancel this policy by mailing or delivering to the first Named Insured written notice of cancellation at least:

      a.   10 days before the effective date of cancellation if we cancel for nonpayment of premium; or

      b.   30 days before the effective date of cancellation if we cancel for any other reason.

   3.   We will mail or deliver our notice to the first Named Insured's last mailing address known to us.

   4.   Notice of cancellation will state the effective date of cancellation. The policy period will end on that date.

21.

Frankenmuth issued the Policy to McCallum Metal Works and McCallum Metal Works was required to pay premiums to Frankenmuth for the Policy.

22.

McCallum Metal Works failed to pay premiums to Frankenmuth which were due and owing.

23.

On December 3, 2018, Frankenmuth issued a Notice of Cancellation Due to Non-Payment indicating that the Policy would cancel on December 18, 2018. This was sent to McCallum Metal Works on December 4, 2018, more than ten (10) days before the cancellation date. Further, on December 19, 2018, Frankenmuth issued a Cancellation Memo which was sent to McCallum Metal Works confirming that due to McCallum Metal Works's failure to pay premiums to Frankenmuth the Policy was cancelled effective December 18, 2018 at 12:01 A.M.

24.

The Policy was cancelled at 12:01 am on December 18, 2018, the date of the alleged construction incident/injury involving Mr. Canizalez. The alleged incident/injury happened during the day, after 12:01 am on December 18, 2018.

25.

O.C.G.A. § 33-24-7 provides the following with respect to the effect of misrepresentations upon recovery under policies under Georgia law:

(b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

    (1) Fraudulent;

    (2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

    (3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

26.

McCallum Metal Works's insurance agent requested that Frankenmuth reinstate the Policy upon payment of the overdue premiums. Frankenmuth only agreed to reinstate the Policy on payment of premiums owed to Frankenmuth and on the condition that McCallum Metal Works provide a signed "no loss letter" to Frankenmuth.

27.

The No Loss Letter states that "McCallum Metal Works, Inc. is not aware of any claims between 12/17/18-12/27/18."

28.

The No Loss Letter was a material misrepresentation of fact made by McCallum Metal Works to Frankenmuth given that the alleged construction incident involving McCallum Metal Works's employee and the injuries to Pedro Canizalez occurred on December 18, 2018 after 12:01 am.

29.

Frankenmuth reasonably relied on the material facts presented by McCallum Metal Works in the No Loss Letter. The material misrepresentation of fact by McCallum Metal Works would influence a prudent insurer, such as Frankenmuth, and did influence Frankenmuth in determining whether or not to retroactively reinstate the Policy.

30.

If McCallum Metal Works had informed Frankenmuth of the true facts instead of providing the No Loss Letter, Frankenmuth, in good faith, would not have retroactively reinstated the Policy.

31.

Because the reinstatement was based on the insured's material misrepresentation of fact, it should be rescinded, and the Policy canceled as of December 18, 2018 at 12:01 A.M.

32.

Because the Policy was properly canceled prior to the date of the alleged construction incident, there is no coverage for any claims of Pedro Canizalez or anyone on his behalf for injuries sustained on December 18, 2018.

33.

Because there is no coverage due to the cancelation of the Policy, Frankenmuth is not obligated to defend, indemnify, or expend any sums on behalf McCallum Metal Works for any damages or bodily injury arising out of the alleged December 18, 2018 construction incident.

## COUNT II:
## REQUEST FOR DECLARATORY RELIEF

34.

Frankenmuth incorporates by referenced Paragraphs 1 through 33 as if the same were set forth at length herein.

35.

Frankenmuth seeks a declaratory judgment against McCallum Metal Works and Pedro Canizalez, and for this Court to declare the rights, status, and such other equitable or legal relations between the parties involving the Policy, pursuant to 28 U.S.C. §§ 2201 and 2202, *et seq.* and/or O.C.G.A. § 9-4-2, *et seq.*

36.

Frankenmuth is in doubt as to its rights and obligations under the Policy issued to McCallum Metal Works with regard to the Underlying Complaint and the claims by Mr. Canizalez against McCallum Metal Works and Frankenmuth, and a bona fide dispute has arisen concerning the rights and obligations of the parties under the Policy.

37.

Frankenmuth issued the Policy to McCallum Metal Works and McCallum Metal Works was required to pay premiums to Frankenmuth for the Policy.

38.

McCallum Metal Works failed to pay premiums to Frankenmuth which were due and owing, in breach of the Policy.

39.

On December 3, 2018, Frankenmuth issued a Notice of Cancellation Due to Non-Payment indicating that the Policy would cancel on December 18, 2018. This was sent to McCallum Metal Works on December 4, 2018, more than ten (10) days before the cancellation date. Further, on December 19, 2018, Frankenmuth issued and sent a Cancellation Memo to McCallum Metal Works due to McCallum Metal Works's failure to pay premiums to Frankenmuth for the Policy. The Cancellation

Memo noted an Effective Date of Cancellation of December 18, 2018 at 12:01 A.M.

40.

Frankenmuth cancelled the Policy prior to the date of the alleged construction incident involving Mr. Canizalez on December 18, 2018.

41.

O.C.G.A. § 33-24-7 provides the following with respect to the effect of misrepresentations upon recovery under policies under Georgia law:

(b) Misrepresentations, omissions, concealment of facts, and incorrect statements shall not prevent a recovery under the policy or contract unless:

(1) Fraudulent;

(2) Material either to the acceptance of the risk or to the hazard assumed by the insurer; or

(3) The insurer in good faith would either not have issued the policy or contract or would not have issued a policy or contract in as large an amount or at the premium rate as applied for or would not have provided coverage with respect to the hazard resulting in the loss if the true facts had been known to the insurer as required either by the application for the policy or contract or otherwise.

42.

McCallum Metal Works's insurance agent requested that Frankenmuth reinstate the Policy upon payment of the overdue premiums. Frankenmuth only agreed to reinstate the Policy on payment of premiums owed to Frankenmuth and on

the condition that McCallum Metal Works provide a signed "no loss letter" to Frankenmuth.

43.

The No Loss Letter states that "… McCallum Metal Works, Inc. is not aware of any claims between 12/17/18-12/27/18."

44.

The No Loss Letter was a material misrepresentation of fact made by McCallum Metal Works to Frankenmuth given that the alleged construction incident involving McCallum Metal Works's employee and the injuries to Pedro Canizalez occurred on December 18, 2018.

45.

Frankenmuth reasonably relied on the material misrepresentation of fact by McCallum Metal Works in the No Loss Letter.  The material misrepresentation of fact by McCallum Metal Works would influence a prudent insurer, such as Frankenmuth, in determining whether or not to retroactively reinstate the Policy.

46.

If McCallum Metal Works had informed Frankenmuth of the true facts instead of providing the No Loss Letter, Frankenmuth, in good faith, would not have retroactively reinstated the Policy.

47.

Because the reinstatement was based on the insured's material misrepresentation of fact, it should be rescinded, and the Policy canceled as of as of December 18, 2018 at 12:01 A.M.

48.

Because the Policy was canceled prior to the date of the alleged construction incident, Frankenmuth seeks a determination that there is no coverage for any claims of Pedro Canizalez or anyone on his behalf for injuries allegedly sustained on December 18, 2018.

49.

Because there is no coverage due to the cancelation of the Policy, Frankenmuth seeks a determination that it is not obligated to defend, indemnify, or expend any sums on behalf McCallum Metal Works for any damages or bodily injury arising out of the alleged December 18, 2018 construction incident.

50.

Frankenmuth requests this Court to declare that there is no coverage or duty to defend under the Policy in connection with the loss arising out of the alleged December 18, 2018 construction incident, under the terms of the Policy, and under Georgia law, and that Frankenmuth is not obligated to defend, indemnify, or expend

any sums on behalf of McCallum Metal Works or to Mr. Canizalez with regard to this claim.

WHEREFORE Frankenmuth respectfully requests this Honorable Court to declare and enter judgment as follows:

a.    That the Court declare that the Policy was canceled prior to the alleged December 18, 2018 construction incident and the reinstatement based on material misrepresentation can be rescinded in good faith;

b.    That the Court declare that the Policy does not provide coverage for any claims arising from the alleged December 18, 2018 construction incident;

c.    That the Court declare that Frankenmuth is not obligated to defend, indemnify, or expend any sums on behalf of McCallum Metal Works for any damages or bodily injury arising out of the alleged December 18, 2018 construction incident, including but not limited to the defense and indemnity of McCallum Metal Works and/or its employees with respect to claims made by Pedro Canizalez or in the Underlying Complaint;

d.    That the Court award such further relief as may be deemed appropriate; and

e.      Frankenmuth demands a trial by jury.

This 18th day of May, 2021.

                              Goodman McGuffey LLP
                              Attorneys for McCallum Metal Works

                     By:     */s/ Stephanie F. Glickauf*
                              STEPHANIE F. GLICKAUF
                              GA State Bar No.  257540
                              sglickauf@GM-LLP.com
                              3340 Peachtree Road NE, Suite 2100
                              Atlanta, GA 30326-1084
                              (404) 264-1500 Phone
                              (404) 264-1737 Fax